CHARLES B. PROUTY, Assignee,

*v.*

HARRIET C. TILDEN.

*Filed at Ottawa November 9, 1896.*

1. EVIDENCE—*when a plat is admissible to aid description in deed.* A plat bearing the signature of a deceased grantor, found among the papers of his deceased grantee, is admissible to show that the description in the deed was made. with reference to a contemplated widening of one of the boundary streets and not to its then actual width, where a long time has elapsed since the deed was made, and such grantee, during the lifetime of the grantor, had fenced the property in conformity to the plat, which plat is identified by a witness as one seen by him near the time the deed was executed.

2. DEDICATION—*effect of exhibiting plat showing streets.* The exhibition by the owner of land, to a purchaser, of a plat showing the land as bounded by a street, is a declaration that the land is so bounded, and the purchaser is entitled to have the street kept open, free from the vendor's interference.

3. PROPOSITIONS OF LAW—*when a proposition of law is not improperly modified.* A proposition of law to the effect that the beginning point in a description in a deed is to be determined by the deed itself, and was at the corner of the streets as they existed when the deed was made, (without reference to a plat claimed to show a different location of the corner by dedication,) is not improperly modified by adding the words, "unless the instrument dedicating or attempting to dedicate is read in conjunction with the deed."

4. LIMITATIONS—*act of trespasser will not break notorious possession.* The possession of one who has fenced in his land under sufficient title is not broken so as to prevent the running of the Statute of Limitations by the trespass of a party who enters and fences off a portion of the tract, where such trespasser is at once ejected and possession re-asserted.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This is an action of ejectment by appellant, against appellee, to recover a tract of land described in the declaration as a certain parcel of land, with the appurtenances, lying in the county of Cook and State of Illinois, to-wit: That part of lots 6 and 7, in Brown's subdivision of the north half of the south-west quarter of the

south-west quarter of section 34, township 39, north, range 14, east of the third principal meridian, described as follows: Commencing at a point on the east line of Wabash avenue 33 feet north of the south line of lot 7 aforesaid; running thence south along the said east line of Wabash avenue 33 feet to the south line of said lot 7; running thence east along the south line of lots 7 and 6, aforesaid, to a point 8½ feet west of the east line of lot 6, aforesaid; thence north, parallel with the east line of said lot 6, 64 feet; thence west, parallel with the south line of lots 6 and 7, 1½ feet; thence south, parallel with the east line of said lot 6, 31 feet; thence west, on a line parallel with the said south line of said lots 6 and 7, to the place of beginning.

Both parties to this litigation claim title through a common source, one George T. Abbey. Abbey conveyed to William M. Tilden, from whom appellee derives her title, by deed dated April 15, 1869, that part of lots 6, 7 and 8, in said Brown's subdivision, bounded as follows: "Commencing at the south-east corner of Wahpanseh avenue and Wabash avenue at their intersection; thence running south on the east line of Wabash avenue 264 feet; thence east 154 feet; thence north 264 feet to Wahpanseh avenue; thence west on the south line of Wahpanseh avenue to the place of beginning." By deed dated August 30, 1870, George T. Abbey and wife conveyed to Emma E. Eaton, plaintiff's grantor, that part of lots 6, 7 and 8 lying east of Wabash avenue, in Brown's subdivision of the north half of the south-west quarter of the south-west quarter of section 34, township 39, north, range 14, east of the third principal meridian. At the date of each of these conveyances lots 6 and 7, respectively, measured from north to south,—namely, from the south line of Wahpanseh avenue to the north line of Fontaine street, —297 feet, and Wahpanseh avenue, at its intersection with Wabash avenue, was only 33 feet wide, as shown by the plat of said lots 6, 7 and 8 in evidence, and also by

the testimony of the witnesses Charles C. Fowler and
F. C. Rossiter. By the same plat it is also shown that
lots 6 and 7 were, respectively, 132 feet wide from east
to west, and that the opening and extension of Wabash
avenue through the entire length of lot 7, and over and
upon the west 100 feet thereof, was contemplated. The
plat here reproduced will show the situation:

By a partition deed dated January 2, 1869, between
Charles A. Eaton and wife (from whom said George T.
Abbey acquired his title) and Rebecca C. Stampofski and
husband, Wabash avenue is designated as a street 100
feet wide. By that deed the parties, as tenants in com-
mon of said lots 6, 7 and 8, partitioned the same between
them thus: All that part of said lots "which lies east of
the street 100 feet wide, and designated as a continua-
tion of the street known as Wabash avenue through said
above named lots," was conveyed and set over to said
Charles A. Eaton, and all that part of the same lots
lying west of said street was conveyed and set over to

said Rebecca C. Stampofski. At the time of these conveyances Wahpanseh avenue (now Thirty-seventh street) was only 33 feet wide at its intersection with Wabash avenue, which was not then opened to the width of 100 feet, but opposite this lot was but about 63 feet wide.

Shortly after the execution of the deed to Tilden he fenced the land, placing his fence along Wabash avenue as if it had been extended 100 feet wide, and along Thirty-seventh street as if it was 66 feet wide, and along the side of the alley 154 feet from Wabash avenue and parallel therewith. The exact date on which this fence was built is not shown, though the weight of evidence shows it was prior to the summer of 1870, as it was used for pasture by Tilden one year or longer, and was rented as a garden one year before the great fire of 1871. This suit was instituted in April, 1891. The evidence shows that fence was maintained until 1891, in a more or less degree of usefulness. About 1876 it is claimed by appellant's assignor that she fenced the south 33 feet of the Tilden tract. From the weight of the evidence it appears that the entire tract was enclosed by the Tilden fence, and about 1876 appellant's grantor trespassed on his possession and built a cross fence, cutting off that 33 feet. Within a few days after its construction that cross fence was removed by Tilden when he discovered it.

On the same day the deed conveying the premises to Tilden was made, a trust deed was executed by the latter to secure a part payment of the purchase money. The evidence discloses the fact that this deed of trust was drawn by one of the witnesses, who identifies a plat found among the papers of Tilden as a plat he saw about that time, and the plat is of this tract, and has on its face the signature of George E. Abbey in his own handwriting. Other witnesses also testified to its being his signature on the plat. This fact is clearly shown by the evidence. By this plat Wabash avenue is shown to be 100 feet wide along this land and Wahpanseh avenue

is shown to be 66 feet wide.  An alley 8 feet wide is shown running parallel with Wabash avenue and 154 feet from the latter.  The George T. Abbey plat is as follows:

WAHPANSEH AVE.

| 66 | | 8 |
|---|---|---|
| 100 | 154 | |
| 24 | **1** | |
| 24 | **2** | |
| 24 | **3** | |
| 24 | **4** | |
| 24 | **5** | |
| 24 | **6** | |
| 24 | **7** | |
| 24 | **8** | |
| 24 | **9** | |
| 24 | **10** | |
| 24 | **11** | |
| 33 | **12** | 33 |
| | 154 | |

WABASH AVE.

100

33   33                          33

33   33                          33

To plaintiff's declaration the defendant pleaded the general issue and the statute of limitations of twenty

years. On trial before the judge without a jury a verdict was found for the defendant and the plaintiff prosecutes this appeal. Plaintiff submitted several propositions to be held as law, some of which were refused, others held, and others modified. The errors assigned are, refusal and modification of propositions, the admission of the plat in evidence, and the finding by the court on the evidence.

MATTHEW P. BRADY, for appellant:

Where land is described as bounded by a road or street, it is to be construed as referring to one opened and in use by the public. 3 Washburn on Real Prop. (5th ed.) 451.

A grant of land upon a public street as a boundary will be referred to such a street as is opened and used. *O'Brien* v. *King*, 5 Cent. Rep. 665.

A dedication of a street must be proved. It is not to be presumed from slight and inconclusive evidence. *Manchester* v. *Hoag*, 66 Iowa, 649.

BALL, WOOD & OAKLEY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The trial court admitted in evidence the plat of the tract of land which was found among the papers of William M. Tilden after his decease, in 1886, which bore on its face the name of his grantor, George T. Abbey, in the handwriting of the latter, and which was seen about the time of the execution of the deed and trust deed by the attorney writing the last named instrument, the original being produced. More than twenty-two years had elapsed after the execution of the deed by Abbey to Tilden before any hostile title was asserted against the title thus conveyed. When that conveyance was made and this grantor in the deed was still alive Tilden fenced the premises and had his deed of record, and the manner in which the fence was placed was in strict accordance with the plat, and recognized Thirty-seventh street (or

Wahpanseh avenue) as 66 feet wide, with Wabash avenue extended as of the full width of 100 feet, with an alley along the entire tract parallel with Wabash avenue. If the starting point of the description in the deed from Abbey to Tilden is placed with reference to the plat found among Tilden's papers, which shows Thirty-Seventh street 66 feet wide, then the description would extend the tract conveyed 33 feet farther south than would be the case if Thirty-seventh street were assumed to be but 33 feet wide, and in that case the description would include the premises in controversy. Where a long time has elapsed after a transaction, and persons who could probably have given important testimony are dead, we cannot expect the same exactness and minute details in the evidence of witnesses as when transactions are more recent, and in such cases courts will take into consideration such facts and circumstances as will tend to throw light on the subject matter. We hold it was not error to admit the plat in evidence.

By the plat which it is apparent came from Abbey, and the other circumstances, it is clear he sold with reference to that plat, and the purchaser and his grantees would have a right to have the streets and alleys so shown remain open forever, free from all claim or interference of the vendor or those claiming under him. The exhibition of a plat which shows a tract of land to be bounded by certain streets and alleys is in fact a declaration it is so bounded. It is an act coupled with a fact shown on its face. It amounts to a declaration that the property is bounded as shown by that plat. The distances marked, showing they would carry the boundary to the street, are equivalent to a declaration that the street is the boundary. Tilden being in actual possession when the assignor of appellant acquired her title, she was put on inquiry as to his title. It was notice to put her on inquiry. Had such inquiry been made she could have learned the fact.

The appellant asked the court to hold two propositions substantially the same, which were to the effect that the beginning point in running the boundary was to be determined by the deed itself, and the south-east corner of said streets, as they existed at the time of the deed, was the beginning point. The court modified the same by adding, "unless the instrument dedicating or attempting to dedicate is read in conjunction with the deed to Tilden." There was no error in so modifying those propositions. The plat was evidence to be considered in connection with the deed. The assignor of appellant being thus put on inquiry as to the title of Tilden by reason of his possession, can stand in no better relation to the land and title than would her grantor. The deed to Tilden effected a conveyance of the land in controversy. Being in possession under a deed which conveyed him the title, he fenced the tract and maintained that fence, and remained in actual possession for more than twenty years before this suit was brought. That possession was actual, open and notorious, with a good and sufficient title. The assignor of appellant in 1876 entered the premises and made a cross fence, cutting off the south 33 feet. Finding the property inclosed, appellant's assignor had no right to interfere with the possession. Her entry was that of a trespasser and wrongdoer. (*Lee v. Town of Mound Station*, 118 Ill. 304.) When she found another in actual possession her remedy was by ejectment, to settle the question of title. The possession of Tilden had never been released or abandoned, and no right existed in the assignor of appellant to invade that possession. (*Gage v. Hampton*, 127 Ill. 87.) A wrongful act—a mere trespass—could not be an act which dispossessed Tilden and prevented the running of the statute.

Under either defense the finding and judgment of the circuit court of Cook county were correct, and will be affirmed.

*Judgment affirmed.*