[No. 6280.   Decided March 30, 1907.]

F. X. LA BOUNTY et al., *Respondents*, v. THE CITY OF
SEATTLE, *Appellant*.[1]

DEDICATION—PLAT—CONSTRUCTION—REVOCATION BY SUPPLEMENTAL
PLAT.   Where an owner of land in dedicating an addition to a city,
filed a plat designating his south boundary as the center line of a
street sixty-six feet wide, when in fact the street and lots as staked
out diverged from such boundary line, the lots being 33 feet from
the line of the street at one corner and 44 feet distant at the lots
in question, the excess is part of the street and is not to be added
to the lots where the plat describes the streets as sixty-six feet in
width; and the owner cannot, after acceptance of the plat, show a
contrary intention or alter the dedication by the filing of a supple-
mental plat.

BOUNDARIES—EVIDENCE—SUFFICIENCY.   Evidence of one purchas-
ing a lot according to the recorded plat, that she saw a stake at one
corner of the block, is not sufficient to show a corner at variance with
the plat where the stake was not identified in any way.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 23, 1905, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action against a city to re-
cover the value of a strip of land taken for street improve-
ments.   Reversed.

*Scott Calhoun* and *O. B. Thorgrimson*, for appellant.
*Guie & Guie*, for respondents.

MOUNT, J.—Respondents brought this action to recover
from the city of Seattle the value of a strip of land, seven
feet wide, across the south end of two lots in said city.   This
strip was taken and used by the city for the purpose of street
improvements.   The city claims the strip as a part of the
street.   Respondents claim the strip as a part of their lots.

[1]Reported in 89 Pac. 480.

This is the main question in the case. The case was tried to the court without a jury, and the court found that the strip of land was a part of the lots, and entered a judgment against the city for its value. The city appeals.

There is no dispute in the evidence. The facts are as follows: On July 30, 1875, one D. T. Denny was the owner of government lots 1 and 2 in section 29, township 25 north, range 4 east, W. M., situated within the limits of Seattle. On that day Mr. Denny executed, and filed in the office of the county auditor of King county, a town plat comprising all of lot 2 and part of lot 1, of said section 29. This plat was designated as "D. T. Denny's Second Addition to North Seattle." The lots and blocks upon the plat were regularly numbered, and the size of the lots designated as sixty by one hundred and twenty feet. The streets were named, and the widths stated as sixty-six feet; the alleys as sixteeen feet wide. The plat was duly acknowledged and recorded. The south line of the plat is the center line east and west through section 29. This line was the south line of government lot 2 of said section, and the south boundary of Mr. Denny's land. The street along the south of the plat was named Grange street, but is now called Roy street. It is shown on said plat as a street sixty-six feet wide. Shortly after the plat was filed, Mr. Denny sold lots which were described as being in D. T. Denny's Second Addition to North Seattle. On June 15, 1882, Mr. Denny sold the lots in question, and described them as "Lots 1 and 2 in block numbered 6, in David T. Denny's Second Addition to North Seattle, as recorded with the records of King county." Subsequently respondents acquired title to these lots. On March 15, 1889, Mr. Denny filed another plat of the same land, which plat is designated "A supplementary plat of D. T. Denny's Second Addition to North Seattle." This last-named plat describes the southwest corner of block 1 as "thirty-three feet north and thirty-three feet east of the quarter section corner on the west side of said section 29." Grange (Roy) street shows thereon as

only thirty-three feet wide. The streets within the plat are designated as sixty-six feet wide, and "all alleys sixteen feet wide. Lots are sixty by one hundred and twenty feet." The dedication of this supplementary plat is as follows:

"Know all men by these presents: That we, David T. Denny and Louisa Denny, husband and wife, did on the 30th day of July, A. D. 1875, execute and acknowledge a certain plat of Second Addition to North Seattle and did on July 30th, 1875, file the same for record in the office of the auditor of King county, W. T., which plat was thereafter recorded on page 111 of Vol. 1 of the plat of records in the office of said auditor. And whereas the said plat on its face failed to show the location and course of the streets thereon; and whereas, the location and course of said streets as indicated on the within plat is identical with the location and course thereof as intended to have been indicated on the said original plat; Now, therefore, in order to validate and make perfect the said original plat, and in order to make the proper record of the location of said streets, blocks, and lots, we have this day declared the within plat, and do hereby dedicate to the use of the public forever as public highways, all and singular, the streets and alleys shown on the within plat."

The record conclusively shows that the street line of the lots and blocks as platted upon the ground is not quite parallel with the east and west center line of section 29. So that, while the southwest corner of block 1 was thirty-three feet north of that line, the lot line lying east of that corner diverged until at the southeast corner of the next block which was numbered 6, Grange street was forty-four and two-tenths feet wide. After Mr. Denny had filed his original plat, he evidently discovered that the streets bordering the outside of the addition were not actually sixty-six feet wide, because he did not own that much land bordering on the outside of the plat but that the streets were only thirty-three feet wide; and in order to set the original plat right in this respect, he made and filed another plat which he designated a supplementary plat. Respondents own lots 1 and 2, being one hundred and twenty feet square, on the southeast corner of block 6 located

at the intersection of Grange (Roy) street and Howard avenue. It is not claimed that the city took any part of the one hundred and twenty feet of respondents' lots, but respondents claim that, because the street is only thirty-three feet wide in front of their lots, they are the owners of the space between their lots as described in their deed and the north line of the street, making the lots one hundred and thirty-one feet long instead of one hundred and twenty feet. This contention of respondents would probably be correct if Mr. Denny was authorized to modify his original plat by a subsequent one, and thereby vacate a street or part of a street already dedicated. We are satisfied, however, that he had no such authority, even if he intended to do so. The authorities are clear to the effect that, where a plat is filed and streets dedicated to the public and accepted, and lots sold with reference thereto, the dedicator cannot afterwards, at his own will, change the plat by vacating a street or any part of one. Elliott, Roads and Streets (2d ed.), § 119; 2 Dillon, Municipal Corporations (4th ed.), § 632; *Meier v. Portland Cable R. Co.*, 16 Ore. 500, 19 Pac. 610, 1 L. R. A. 856; *City of Denver v. Clements*, 3 Colo. 472; *Clark v. McCormick*, 174 Ill. 164, 51 N. E. 215; *Morgan v. Railroad Co.*, 96 U. S. 716, 24 L. Ed. 743.

If Mr. Denny owned the land upon which Grange (Roy) street was originally platted to the extent of sixty-six feet, he certainly was not authorized to revoke that dedication at his own will fourteen years later, after the plat had been accepted. The fact is, of course, that he intended to, and did, dedicate for a street on the south side of the original plat as marked upon the ground all the land he owned there to the extent of sixty-six feet in width. He could not dedicate land he did not own. He, no doubt, supposed, at the time the supplementary plat was made, that the line of the lots was parallel with the section line, and that the street was only thirty-three feet wide for its whole course, and therefore filed the supplementary plat to show his original intention in that respect. Even if this supplementary plat was competent evi-

dence for the purpose of showing that fact, it was not competent to show any change in the original plat under the rule above stated. One of the respondents testified that, at the time they purchased the lots in question, she saw a stake at the southeast corner of the block, and that the two lots were fenced from that stake as the original corner. But this stake was not identified in any way as an original stake marking the corner as actually laid out. The evidence seems to be conclusive that the lots as originally platted were sixty by one hundred and twenty feet in size, and that the respondents' lots as platted and marked upon the ground were no larger than that, and also that Grange or Roy street in front of respondents' lots was actually forty-four feet wide. We conclude, therefore, that the strip of land in question was and is a part of the street, and that respondents are not entitled to recover in this case.

The judgment is therefore reversed and the cause ordered dismissed.

HADLEY, C. J., ROOT, FULLERTON, RUDKIN, CROW, and DUNBAR, JJ., concur.