The LaSalle Varnish Company, Appellee, *vs.* Jacob Glos *et al.* Appellants.

*Opinion filed April 18, 1912—Rehearing denied June 5, 1912.*

1. Plats—*no express declaration is necessary to show dedication for street.* A survey and plat alone, without any express declaration, are sufficient to show a dedication of land for a street if they manifest an intention to devote the land to the public use for that purpose.

2. Same—*effect where a plat is not a statutory one.* A plat which is not a statutory one has no effect as a conveyance to the public of the strips dedicated on the plat as streets but constitutes a mere offer to dedicate, and if the offer is accepted the public acquire an easement of passage but the fee remains in the owner, and passes, subject to easement, to his grantees of abutting lots.

3. Deeds—*when grant of land carries fee to center of highway.* A grant of land carries the fee to the center of the highway by which the land is bounded, if the grantor owns the fee, unless the language shows an intention to exclude the highway; and it makes no difference if the land is described by metes and bounds,

as a lot having a certain number or as an estate having a certain name.

4. TAX DEEDS—*when a tax deed is void.* If land has been assessed by a proper description other than that under which it is sold at a tax sale and the taxes extended on such proper description are paid before the tax sale, then the assessment of the land under the other description is double and the tax sale and deed based thereon are void.

5. SAME—*when holder of tax deed is not entitled to reimbursement.* If the taxes extended against land under an assessment based upon a proper description have been paid before a sale of the land for taxes assessed under another description, the holder of a tax deed based upon such sale is not entitled to reimbursement.

6. SAME—*tender is not necessary to fix liability for costs if the holder of a tax deed is not entitled to reimbursement.* It is only where the holder of a tax deed is entitled to reimbursement as a condition precedent to granting the relief sought by a complainant that a tender is required as a condition of imposing a liability upon the defendant for costs.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. MCDONALD, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

ENOCH J. PRICE, and D'ANCONA & PFLAUM, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The superior court of Cook county rendered a decree at the suit of the appellee, the LaSalle Varnish Company, setting aside two tax deeds made to the appellants and a trust deed made by them, and they have appealed, insisting that the court erred in setting aside the tax deeds without requiring reimbursement of the amounts paid by them and in requiring them to pay the costs. The only question to be determined is whether any taxes were due on the premises at the time they were sold.

On May 12, 1849, the commissioners of the Illinois and Michigan canal caused to be recorded in the recorder's of-

fice of Cook county the following plat of a subdivision of section 33, town 39, range 14, east of the third principal meridian:

The numbered lots on this plat have been called blocks in conveyances made with reference to the plat, and the premises involved are a part of the north half of block 29. The question is whether they are in the east half or the west half of the north half. If they are in the east half of the north half, then they were assessed by a proper description other than that under which they were sold at the tax sale, the taxes extended against them under such description were paid before the tax sale, the assessment of the premises under another description was double and the sale and deed based upon such assessment were void. If, however, the premises are situated in the west half of the north half, then the payments under which appellee claims

are void because made not upon the premises in question but upon premises in the east half of the north half of the block.

Elijah Peacock acquired title to the north half of block 29 on June 6, 1854. On December 5, 1854, he conveyed the north-west quarter of the block. On March 25, 1867, he conveyed to Caroline A. Peacock, his brother's wife, a part of block 29, described by metes and bounds, as follows: Commencing in the center of the street on the north line three chains west of the north-east corner, running thence south ten chains; thence west two chains; thence north ten chains; thence east two chains to the beginning. The appellee claims under this deed. The tract described in it is two acres in extent, and the appellee and its grantors have been in possession ever since 1867, of the whole tract. The west sixteen and a half feet of this tract constitute the premises in controversy. To that extent the appellants claim the tract overlaps the north-west quarter of the block, while the appellee claims that the west line of the tract is the division between the north-east quarter and the north-west quarter. The solution of the question depends upon the size of the blocks in the plat. If they are ten chains by twenty, then each quarter is five chains by ten, and the tract described in the deed under which the appellee claims is in the north-east quarter of the block and constitutes the west two acres of that quarter. If, however, the lots are only nine and a half by nineteen chains, then each quarter is four and three-fourths by nine and a half chains, and the tract in controversy, beginning three chains west of the east side of the block and extending two chains west, overlaps the north-west quarter one-fourth of a chain, or one rod.

The subdivision shows a strip thirty-three feet wide taken off the sides of the section, extending clear around it, and strips sixty-six feet wide extending through the section from north to south and from east to west, the center

lines of which are the half section lines and the lines which divide the quarter sections into quarters. The section is thus divided into sixteen forty-acre tracts corresponding to the usual subdivisions of a section, having for their boundaries the outside lines of the section and the center lines of the strips. It is apparent from an inspection of the plat that these strips surrounding the blocks have no other purpose than to serve as the means of communication between the blocks, and that they were intended to be designated as public streets. No express declaration is required to show a dedication for that purpose. A survey and plat, alone, are sufficient to have that effect if they manifest the intention to devote the ground to the public use for that purpose. (*Clark* v. *McCormick*, 174 Ill. 164; *Thompson* v. *Maloney*, 199 id. 276; *Ingraham* v. *Brown*, 231 id. 256.) The making of the plat and the sale of lots with reference to it estop the owner to deny the existence of the streets. (*Zearing* v. *Raber*, 74 Ill. 409; *Eisendrath* v. *City of Chicago*, 192 id. 320.) The plat was not, however, a statutory plat. It had no effect as a conveyance. It constituted an offer to dedicate, upon the acceptance of which the public would acquire an easement of passage, but the fee would remain in the owner and would pass to his grantees of the abutting block, subject to the public easement.

A grant of land carries the fee to the center of a highway upon which it is bounded if the grantor owns the fee unless the language of the deed shows an intent to exclude the highway, and it makes no difference if the land is described by metes and bounds, as a lot having a certain number or as an estate having a certain name. (*Henderson* v. *Hatterman*, 146 Ill. 555; *Helmer* v. *Castle*, 109 id. 664; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 id. 235; *Brewster* v. *Cahill*, 199 id. 309; *Owen* v. *Village of Brookport*, 208 id. 35.) In the first of these cases the point of beginning was the south-west corner of a lot having a highway on the south side and one on the west

side.  The corner was regarded as the intersection of the
center lines of the highways.  In the second case the point
of beginning was the north-east corner of that part of a
section south of a certain road, running thence westerly
along the line of the road, etc., and it was held that the
point of beginning was in the center of the road.

The conveyance of the north half of block 29 to Elijah
Peacock extended to the center of the streets on the north
and west.  His north boundary was two rods north and his
west boundary two rods west of the lot line indicated on
the plat.  When he afterward conveyed the north-west
quarter of the block the north and west boundaries were
the same.  Each of the forty-acre tracts into which the sec-
tion was subdivided was twenty chains square between the
centers of the adjoining streets.  Block 29 of the west half
of one of the tracts was ten chains east and west by twenty
chains north and south.  The north-east quarter and the
north-west quarter were therefore each five chains east and
west by ten chains north and south, though two rods in
width off the west side of the north-east quarter was sub-
ject to the easement of the public when it should see fit to
accept the offer to dedicate the street.  The evidence does
not indicate what the condition of this section was when
the plat was made or at any later time until 1867.  So far
as appears it may have been open prairie, and the streets,
if improved at all, ordinary country roads.  There is no
ground for claiming that the plat had the effect to vest the
fee in the streets in any municipality for the public, and
the law is well settled that under the circumstances shown
here the center of the street is the boundary of the lot.
The tract in controversy was therefore all situated in the
north-east quarter of the block, and having been assessed
as a part of that quarter and the taxes upon it having been
paid, the sale under which the appellants claim was void.

The taxes having been paid by the owner before the sale,
the appellants were not entitled to reimbursement.  (*Wil-*

*merton* v. *Phillips,* 103 Ill. 78; *Glos* v. *Shedd,* 218 id. 209.) Costs were properly decreed against them. It is only where the complainant is bound to reimburse the defendant as a condition of obtaining relief, that any tender is required as a condition of imposing a liability for costs upon defendant.

*Decree affirmed.*