*In re* APPLICATION OF JAMES F. BUCHANAN to register title to real estate—HAZEL R. BOTH, Petitioner-Appellee, *v.* SIDNEY R. OLSEN, Registrar of Titles, Respondent—(CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.,* Respondents-Appellants.)

(No. 55550;

First District—April 19, 1972.

Joseph E. Davis, of Chicago, for appellants.

Slutzky & Slutzky, of Chicago, (Irving Slutzky, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Cook County finding title to realty in petitioner, Hazel R. Both, and from the refusal of the trial court to vacate that decree upon motion of respondents. The issues on appeal are (1) whether respondent has standing to challenge the title of petitioner and (2) whether the trial court erred in finding title to the property in question in petitioner. The facts are as follows:

On March 10, 1915, James F. Buchanan registered in the office of the Registrar of Titles of Cook County, Illinois, a Plat of Survey No. 46640, describing certain real estate, subdivided into lots as follows:

"Lots 1 to 38 in Buchanan's Re-Subdivision of part of Block 4 in S.S. Hayes' Kelvyn Grove Addition to Chicago in the South West Quarter of Section 27, Township 40 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois."

The subdivision contained, in addition to the foregoing lots and parcels, a strip of land, running east and west, designated on the plat as a "private alley" and a strip of land running north and south designated on the plat merely as an "alley". Both strips are entirely contained within the described parcel except for outlets to the streets. A certificate of title was issued to Mr. Buchanan containing the aforesaid description of property, but without notation made thereon as to "private alley" or "alley".

On February 2, 1918, James F. Buchanan by deed registered in the office of the Registrar of Titles of Cook County, Illinois, conveyed to Niels Buck the above described real estate. There were no reservations in the conveyance and the property described was exactly the property described in the Plat of Survey filed by Buchanan and in the Certificate of Title issued to him.

On August 2, 1919, Niels Buck re-subdivided the property and registered a plat of the subdivision described as follows:

"Lots 1 to 31 in Niels Buck & Co.'s Re-Subdivision of Lots 1 to 38 inclusive and private alleys in Buchan's Re-Subdivision of part of Block 4 in S. S. Hayes' Kelvyn Grove Addition to Chicago in the South West Quarter of Section 27, Township 40, Range 13, East of the Third Principal Meridian."

A certificate of title was issued to Buck containing, among other notations, the following:

"Lot 31 (except East 16 feet formerly alley shown on Plat Doc. #46640)."

The portion of the alley designated in Buchanan's plat as "private alley" became a public alley in Buck's re-subdivision and the portion of the alley termed "alley" in Buchanan's plat became the East 16 feet of lot 31 in Buck's re-subdivision. It is that 16 foot strip of land that is in issue here. The parcel is 16 feet wide and approximately 150 feet in length and lies between and adjacent to lot 31, which is owned by respondents and lot 30 which is owned by petitioner and her husband.

Respondents or members of their family have had title to lot 31 since 1941. The premises are used by a lessee of respondents as a car lot and are improved with a small office and a brick garage. Lot 30 was acquired by petitioner and her husband in April of 1941. The premises are improved with a single family stucco home and a frame garage.

At all times since 1941 respondents have used and occupied the westerly 8 feet of the 16 foot strip adjoining their property and petitioner used and occupied the easterly 8 feet adjoining their property. The easterly 8 feet are fenced in with the property owned by petitioner and her husband (lot 30). There is a concrete walk, two feet in width, on the easterly portion of the strip used by petitioner as a passageway and the roof of petitioner's home overhangs the strip.

Respondents paid the taxes on the entire 16 foot strip from 1941 through 1967. In 1957 respondents erected a brick garage, 60 feet in length by 30 feet in width, a portion of which measuring some 60 feet in length by approximately 7 feet in width, was placed upon the westerly portion of the 16 foot strip in question.

In 1969, petitioner, Hazel R. Both filed a petition in the Circuit Court of Cook County alleging that Buchanan had retained title to the 16 foot strip of land in issue when he conveyed the rest of the parcel to Buck; that Buchanan had died, and that she (Hazel R. Both) had deeds from Buchanan's heirs conveying the property to her. Petitioner sought to register these deeds without surrender of the Owner's Duplicate Certificate of Title and to have a new Certificate of Title issued in her own name.

The trial court entered a decree on October 28, 1969, allowing the registration of the deeds from the heirs of Buchanan to Hazel R. Both, without surrender of the Owner's Duplicate Certificate of Title and directing the issuance of a new Certificate of Title to the 16 foot strip in the name of Hazel R. Both, free and clear of any encumbrances.

The Registrar of Title subsequently filed a motion asking that the decree of October 28, 1969, be vacated and that respondents-appellants who had no notice of the prior proceedings be made parties to the motion

proceedings. Summons was issued and served upon respondents, along with a copy of the decree, resulting in the filing by all respondents of a motion to dismiss the petition of Hazel R. Both. On August 24, 1970, a hearing was held on the motion but the court dismissed the motion of the respondents and re-affirmed the decree of October 28, 1969. It is from the decree of October 28, 1969, finding title to the 16 foot strip of real estate in question in Hazel R. Both, and from the order of August 24, 1970, refusing to vacate that decree that respondents appeal.

■■ Respondents initially contend on appeal that they have standing to challenge the title of petitioner. Petitioner maintains that respondents have no standing to challenge the decree of the Circuit Court as respondents have no interest in the outcome of the proceedings. The record however reveals that respondents are in possession of the western half of the 16 foot parcel in question and have built a garage upon a considerable portion thereof. It is thus clear that respondents do have an interest in the disposition of the parcel and that respondents are proper parties to challenge the determination of the court below.

Respondents' other contention on review is that the trial court erred in finding title to the property in question in petitioner. The court held that James F. Buchanan had never conveyed the 16 foot strip in question when he transferred his interest in the rest of the parcel to Niels Buck on February 2, 1918. The court found that title to the 16 foot strip subsequently passed to the heirs of James F. Buchanan who then deeded it to petitioner.

■■ A grant of land, bounded by a highway, alley or easement which was owned by the grantor in fee, will convey all of the grantor's right, title and interest in the adjoining highway, alley, or easement to its center even without specific mention of the highway, alley or easement by the deed of conveyance, if the grantor does not specifically reserve title to the highway, alley or easement unto himself.

In *La Salle Varnish Co. v. Glos*, 254 Ill. 326, 330, 98 N.E. 538, 540, the Illinois Supreme Court held:

"A grant of land carries the fee to the center of the highway upon which it is bounded if the grantor owns the fee unless the language of the deeds shows an intent to exclude the highway, * * *. [Citing cases.]"

In *Feitler v. Dobbins*, 263 Ill. 78, 81, 104 N.E. 1088, 1089, the Supreme Court considered a situation concerning title to a strip of realty lying between adjoining lots and concluded:

"The law applicable to the situation here is, that where the owner of entire premises arranges for ways, light, etc., for the benefit of the different parts or portions of the premises, and afterwards the premises

are severed and the title vested in separate owners, each grant will carry with it, without being specifically mentioned, the rights and burdens and advantages imposed by the owner prior to such severance * * * unless a contrary intention is manifested in the grant. This doctrine has often been applied by this court. [Citing cases.]"
*Accord, Messenger v. Ritz*, 345 Ill. 433, 438, 178 N.E. 38, 40.

❸ 3  In the instant case, the plat originally registered by James F. Buchanan contained the 16 foot strip in question. Buchanan's subsequent conveyance to Buck of all the lots noted in that plat contained no reservation whatever by Buchanan of title to the 16 foot parcel. Absent such a specific reservation, Buchanan's conveyance to Buck included the 16 foot parcel in question. Title to the parcel in the case at bar could therefore not have passed to petitioner through the heirs of Buchanan.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed.

Judgment reversed.

DIERINGER, P. J., and BURMAN, J., concur.