THE SWEDISH EVANGELIST LUTHERAN CHURCH *et al.*

*v.*

W. EARL JACKSON *et al.*

*Opinion filed October 23, 1907.*

1. DEDICATION—*acceptance by public authorities is necessary to create a public right.* Acceptance in some manner, by the proper authorities, of a dedication evidenced by a plat is essential, in order that any public rights may be created in the streets and alleys shown on the plat.

2. SAME—*private rights do not depend upon public acceptance.* The right of a purchaser of a lot from one who has exhibited a plat

and based the conveyance thereon to have the streets and alleys shown upon the plat remain open to the public is a private right, and is not dependent upon an acceptance of the dedication by the public authorities.

3. SAME—*private easement is barred by twenty years' adverse and uninterrupted possession.* The right of one purchasing a lot according to a plat exhibited by his grantor to have a street and alley remain open is lost, where such street and alley have been enclosed by the purchaser of another lot and been in his adverse, exclusive and uninterrupted possession for over twenty years, with no attempt on the part of the other party to make use of his easement.

APPEAL from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding.

The appellants, by their bill filed in the circuit court of Mercer county, sought to enjoin the appellees from obstructing certain alleged streets and alleys. A demurrer having been sustained to their amended bill, it was dismissed for want of equity, and they appeal from the decree.

The amended bill alleges that on June 30, 1873, John T. Brown and William H. Brown, being the proprietors of a certain tract of land, did lay out thereon Brown's first addition to North Henderson and made a plat thereof, which was duly acknowledged as provided by law, and recorded; that afterward, by *mesne* conveyances from the Browns, the Swedish Evangelist Lutheran Church became the owner of lot 1 and twenty feet off the east side of lot 2 in block 2, the other appellant, Frank A. Mathers, the owner of lots 1 and 4 in block 6, the appellee W. Earl Jackson the owner of lots 1, 2, 3 and 4 in block 1, and the appellee John C. Jackson the owner of lots 5, 6, 7 and 8 in block 2, all in said addition. On the original plat appears an alley sixteen feet wide between lots 1, 2, 3 and 4 and lots 5, 6, 7 and 8 in block 2, another alley of the same width between lots 1, 2, 3 and 4 and lots 5, 6, 7 and 8 in block 1, and a street on the east side of block 1 thirty-three feet wide. Immediately after John C. Jackson obtained title to his lots, and over twenty years before the filing of the bill, in violation of the

rights of the appellants and other grantees of the Browns, owners of lands in said addition, he erected a certain fence around and about the south half of the alley traversing said block 2 and has ever since kept and maintained the same. Appellant the Swedish Evangelist Lutheran Church acquired its title October 15, 1887, and on June 1, 1906, and not before, requested the appellee John C. Jackson to remove said fence, which he refused to do and still refuses, and has since that time forbidden said appellant and the public the use of said alley, and has claimed ownership of said portion thereof by virtue of possession thereof for twenty years or over. There are now growing upon the south half of the alley ten small volunteer peach and plum trees, averaging about four inches in diameter at the trunk, and four young maple trees.    In 1902 there was erected upon the premises of John C. Jackson a frame barn about eighteen by twenty feet, which projected upon the enclosed portion of the alley and remained there until about August 6, 1906, when it was removed to that portion of East street enclosed by W. Earl Jackson. Upon the removal of the barn John C. Jackson erected upon its former site a small frame chicken house worth about $10, standing upon wooden blocks not fastened to the ground. No other improvements are now on the alley.

The appellee W. Earl Jackson, and his grantors, after acquiring title to the lots now owned by him, erected and maintained a fence around and about the north half of the alley in block 1 and that part of East street extending from the north line of block 1 to the center of said alley, and for more than twenty years those parts of said alley and street have been used by the said W. Earl Jackson as a garden. The fence has fallen into bad repair, and there is now no fence along the south side of the enclosed part of the alley. Just north of the premises of W. Earl Jackson, and connecting with the north end of the enclosed portion of East street, is South street, which had been enclosed for about

fifteen years by one Luther J. Smith.   In August, 1906,
W. Earl Jackson requested Smith to open South street,
which he did, whereupon W. Earl Jackson removed the
fence from the north end of East street and caused the barn
heretofore mentioned to be placed on that portion of East
street formerly enclosed, the west side of the barn being
on the west line of the street and the east side of the barn
being about seventeen feet from the east line of the street.
Since that time there has been no fence across the seventeen-
foot strip and nothing to prevent the public from entering
the formerly enclosed portion of East street on the north.
Since the filing of the bill the appellees have obtained from
John T. Brown and the heirs of William H. Brown, de-
ceased, the original proprietors, deeds for the streets and
alleys enclosed by them.

The appellants have requested appellee W. Earl Jack-
son to remove the said obstructions from said alley and
street but he has refused to do so, and the appellants are
thereby deprived of the use of said alley and street.   The
appellant the Swedish Evangelist Lutheran Church is a cor-
poration, and needs the use of said street and alleys, and
particularly that portion of the alley in block 2 south of
its premises, for the uses and purposes of its church society.
It has erected and maintained on its premises a public church
building, where many people, members of said church, con-
gregate for worship, and on account of the obstruction of
said alley they cannot tie their horses or use in any neces-
sary manner said alley.

A certain tract of land of which the said Brown's first
addition is a part is commonly called the village of North
Henderson, but the village is unincorporated and the streets
are under the control of the commissioners of highways of
the town of North Henderson.   There are in the village a
post-office, railroad depot and various other places of busi-
ness, and about two hundred and fifty people reside there,
who are engaged in various mercantile pursuits.   The said

alleys and street are of great public use and a great public necessity to the people who live in said village and in Brown's first addition, but by the acts of the appellees the appellants and the public are deprived of the use of said street and alleys and for over twenty years last past have not used the said street and alleys, which during the whole of that period have been closed to the public by the said obstructions.

WILLIAM J. GRAHAM, for appellants.

COOKE & WILSON, (C. C. CRAIG, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of North Henderson has never been incorporated. There is no allegation that the public authorities ever accepted the plat or the streets and alleys in question, or that such streets and alleys were ever thrown open to or used by the public. Until acceptance by the proper authorities they have no right in the streets and alleys designated on a plat. (*Hewes* v. *Village of Crete,* 175 Ill. 348; *Jordan* v. *City of Chenoa,* 166 id. 530; *Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 id. 155.) There is therefore no question of public right here involved.

The purchaser of a lot from an owner of land who has made and exhibited a plat thereof showing streets and alleys, acquires a right not only to the use of the streets and alleys, but that such streets and alleys shall remain open to the use of the public. The sale and conveyance according to the plat imply a grant or covenant to the purchasers of lots and their grantees that the public streets indicated upon the plat shall be forever open as public highways, free from all claim of the proprietor, or those claiming under him, inconsistent with their use as such public highways. In such case the acceptance by the public is unimportant, for the

question involved is simply one of private right. (*Zearing v. Raber,* 74 Ill. 409; *Earll v. City of Chicago,* 136 id. 277.) The easement which was appurtenant to each lot by reason of the existence of the plat and the sales with reference to it was private property. It could not be lost merely by non-user where there was no adverse possession. (*Kuecken v. Voltz,* 110 Ill. 264.) But a complete non-user of an easement for twenty years, with possession in another that is inconsistent with or adverse to the right of such easement, will bar the easement. (*Illinois Central Railroad Co.* v. *Moore,* 160 Ill. 9; *Illinois Central Railroad Co.* v. *O'Connor,* 154 id. 550; *Illinois Central Railroad Co.* v. *Houghton,* 126 id. 233.) Here there was a complete non-user, and for more than twenty years the appellees have been in the visible, exclusive possession of the premises, having them fenced within their respective enclosures, except that recently the fence on one side of one of the tracts has been taken away, but that tract is in the exclusive occupation of one of the appellees as a garden. This was *prima facie* a hostile or adverse occupancy. The bill makes no attempt to explain it. Using and controlling property as owner is the ordinary mode of asserting a claim of title. *Illinois Central Railroad Co.* v. *O'Connor, supra; Illinois Central Railroad Co.* v. *Houghton, supra.*

The possession and exclusive occupation of the appellees being wholly inconsistent with the existence of any easement to travel over said premises or to have them remain open as public streets, and having continued for twenty years, the bill shows no right in appellants to have the obstructions complained of removed, and the demurrer was properly sustained.                                   *Decree affirmed.*