(No. 13832.—Judgment affirmed.)

CHARLES COUNSELMAN *et al.* Appellants, *vs.* THE WISCONSIN LIME AND CEMENT COMPANY, Appellee.

*Opinion filed June 22, 1921—Rehearing denied October 12, 1921.*

1. PLATS—*when deeds dated prior to recording of plat do not create presumption that dedicator did not own subdivision.* The admission in evidence of deeds dated prior to the recording of a plat will not create a presumption that the dedicator did not own all the land in the subdivision where the deeds were not filed for record until after the plat was recorded, as the plat becomes effective as a conveyance when it is recorded and the presumption of delivery which arises from the recording of a deed does not go back of the fact of possession or recording on which it is based.

2. SAME—*when plat is accepted although alleys are not named.* A plat properly made, certified, acknowledged and recorded in substantial compliance with the statute is accepted by local improvement ordinances recognizing the existence of the subdivision and

by subsequent ordinances of vacation, and it is immaterial who performed the manual labor of making the survey and plat or that the alleys in the subdivision were not marked with names.

3. SAME—*fact that unsubdivided land is within corporate limits does not prevent subdivision by plat.* The fact that unsubdivided land is already within the corporate limits of a town does not exclude it from the privilege of subdivision by plat merely because it will not be an addition to the town.

4. SAME—*upon vacation of street or alley the fee goes to abutting owners under section 2 of Vacation act.* A plat of a subdivision made since the enactment of section 2 of the Vacation act is subject to the provisions of said act, and, unless there is a reservation of the reversion in the fee to streets and alleys platted, upon a vacation of the streets and alleys the fee will go to the abutting owners according to the provisions of the statute. (*Prall* v. *Burckhartt, ante,* p. 19, followed.)

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

HENRY W. DRUCKER, FRANCIS L. BOUTELL, and ERNEST R. REICHMANN, (WILLIAM S. CORBIN, of counsel,) for appellants.

MATHIAS & SULLIVAN, (LOUIS J. VICTOR, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit in ejectment was brought in the superior court of Cook county by heirs-at-law of Charles Counselman to recover two strips of land adjoining block 3 of a subdivision, one strip fourteen feet wide on the west side of block 3, which had been an alley and had been vacated, and the other strip eleven feet wide on the east side of the block, which had been part of a street sixty-six feet wide and which also had been vacated. One of the heirs-at-law died during the pendency of the suit and the trustees un-

der her will were substituted. There was a judgment for the defendant, from which this appeal was prosecuted.

The parties claimed title from Charles Counselman, and the issues of fact were whether a plat of the north half of the southeast quarter of the northwest quarter of section 15, township 39, north, range 13, east, (except the west thirty-three feet thereof,) was laid out in accordance with the statute so that it conveyed a determinable fee in the public streets and alleys to the municipality, which it was claimed would leave a possibility of reverter in the dedicator upon vacation, or was a common law dedication of an easement, so that the fee remained in the dedicator.

Charles Counselman, the owner of the land, caused the same to be surveyed and platted into lots, blocks, streets and alleys, and a plat thereof was made and certified by Emil Rudolph, surveyor, on September 21, 1887. The plat was acknowledged by Counselman on September 30, 1887, approved by the board of trustees of the town of Cicero on October 22, 1887, and recorded in the office of the recorder of Cook county on October 26, 1887.

Counselman attempted to comply with the provisions of chapter 109 of the Revised Statutes authorizing an owner of lands to subdivide the same, but it is contended that his attempt failed for various reasons, none of which are worthy of much attention or are sufficient to destroy his purpose. The plat became effective as a conveyance on October 22, 1887, when it was recorded, (*People* v. *Clifford,* 166 Ill. 165; *Brewster* v. *Cahill,* 199 id. 309; *City of Springfield* v. *Springfield Railway Co.* 295 id. 234;) and the plaintiffs offered evidence that Counselman made three deeds dated before that time. It is therefore argued that Counselman was not the owner of all the land in the subdivision when the plat became effective by recording. This objection is answered by the decision in *Kimball* v. *City of Chicago,* 253 Ill. 105. The deeds were all filed for record after the plat was recorded, and while there is a pre-

sumption arising from the possession of a deed or the recording of it by the grantee that it has been delivered, the presumption does not go back of the fact of possession or recording on which it is based.    It is only a presumption arising from a fact and could not exist previous to the existence of the fact, consequently there is no presumption that Counselman parted with title to any of the land before the plat was recorded.    Another objection is, that while names were given to the streets the alleys were not marked as such, and that proposition is also met by the decision in *Kimball* v. *City of Chicago, supra.*    The plat was accepted by ordinances providing for special assessments for street improvements, such as sewers, water mains and sidewalks, which recognized the existence of the subdivision, and the acceptance was further recognized by ordinances of vacation.    The town of Cicero was annexed to the city of Chicago and jurisdiction was exercised over the streets and alleys by the municipalities.    The plat was certified in regular form by Emil Rudolph, but he testified that the survey was made by W. R. Geeting, who was in his employ, and the plat was prepared by draftsmen in his office.    It is immaterial who performed the manual labor of making the survey and plat.    (*Gebhardt* v. *Reeves,* 75 Ill. 301.)    The fact that the unsubdivided land was already within the corporate limits of the town of Cicero is claimed to exclude the land from the privilege of subdivision because it would not be an addition to the town.    Such a construction is, of course, inadmissible, as it would prevent the laying out of an addition to the platted portion of the territory within a city, town or village if the tract was within the boundaries of the municipality.

The plat was made, acknowledged and recorded in compliance with the statute and the municipality became invested with a determinable fee.    The city council of the city of Chicago on July 5, 1910, vacated the alley west of and adjoining block 3, which was owned by the defendant,

the Wisconsin Lime and Cement Company, and it was the only owner abutting on that alley, so that the whole alley was contributed from the land constituting that block. On July 22, 1912, the city council by ordinance vacated eleven feet adjoining the east line of block 3, which was the west part of a street sixty-six feet wide.

The remaining question is whether upon the vacations, when the title of the city came to an end, the fee simple reverted to the heirs of the original dedicator or passed by virtue of the dedication under section 2 of chapter 145 of the Revised Statutes. The case of *Prall* v. *Burckhartt,* (*ante,* p. 19,) was regarded by the court as the first one in which the question of the validity and effect of section 2 has been directly presented for decision. In that case the court has decided that where an owner of land has made a plat since the enactment of the statute, in 1865, in compliance with the statute and without any reservation of a possibility of reverter upon a vacation of the plat, he must be deemed to have assented to and adopted the provision of section 2 that the lot or tract of land immediately adjoining a street or alley shall extend to the central line of such street or alley or part thereof vacated, unless otherwise specially provided in the act, ordinance or order vacating the same. This provision of the section is qualified only by the fact that a different division may be required because the land on one side has contributed more to the street or alley than the other. Under that decision the property of the defendants in block 3 upon the respective vacations extended over and included the strips of land sued for in this case. For that reason the judgment is affirmed.

*Judgment affirmed.*