(No. 14531.—Reversed and remanded.)

FRANK H. WATTLES, Appellee, *vs.* THE VILLAGE OF MCHENRY *et al.* Appellants.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. PLATS—*purchaser of lots according to plat acquires all appurtenant easements.* Where the owner of land lays it out in lots and blocks and exhibits a plat thereof showing streets and alleys and sells some of the lots with a clear reference to the plat, the purchaser acquires, as appurtenant to lots purchased by him, every easement, privilege and advantage which the plat represents as belonging to the lots as a part of the platted territory.

2. SAME—*purchaser of lots according to plat is entitled to use of streets and alleys by the public.* The sale of lots according to a published plat implies a grant or covenant to the purchaser that streets, alleys and other public places indicated as such upon the plat shall be forever open to the use of the public, free from all claim of interference of the grantor or of purchasers of other lots.

3. SAME—*purchaser's right to use of streets and alleys according to plat is not lost by non-user.* Where lots are sold according to a published plat, the easement appurtenant to each lot in the streets and alleys indicated is private property vesting in the purchaser, and it is not lost by non-user where there is no adverse possession.

4. SAME—*right of purchaser of lots to use of platted streets and alleys is not affected by prior inconsistent use.* The right of a purchaser of lots according to a published plat, to the uninterrupted use of the streets and alleys indicated thereon, is not affected by the fact that prior to the time the purchaser acquired his lots there had been a use inconsistent with the public use.

APPEAL from the Circuit Court of McHenry county; the Hon. E. D. SHURTLEFF, Judge, presiding.

VINCENT S. LUMLEY, for appellants.

CHARLES P. BARNES, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

In 1859 George Gage, who was the owner of certain lands in McHenry county, caused a portion of these lands to be platted and caused the plat to be recorded as a plat of West McHenry. In 1872 the village of McHenry was duly incorporated, the lands theretofore platted as West McHenry being included within the corporate limits of said village. Since the incorporation of the village the principal streets and alleys designated on the plat have been improved and maintained by the village authorities and all conveyances and assessments of property within the village have been made in accordance with said plat. The land involved in this litigation is that part of a strip of land 47.5 feet wide, designated on the plat as Third street, extending south from John street between blocks 10 and 11. In 1894 appellant Susie Revor purchased from the trustees of schools lot 3 in block 10. This is a double lot, occupying the northwest quarter of the block, and which prior to this time had been used as a school site. In 1900 Alsena Smith and Georgie Clemens by *mesne* conveyances became the owners of certain of these platted lands theretofore owned by their father, George Gage, including lots 4 and 5 in block 10 and all of block 11. In 1901 they sold lots 4 and 5 to Susie Revor, the description in the deed being as follows: "Lots numbered four (4) and five (5) in block numbered ten (10), as appears on the original plat of the village of West McHenry, situated in the county of McHenry and State of Illinois." These lots lie immediately south of lot 3 and front on James street, which is a street immediately south of and parallel to John street. In 1916 Alsena Smith and Georgie Clemens conveyed to appellee, Frank H. Wattles, "all of block No. eleven (11) of the orig-

inal plat of the village of West McHenry" and other lands lying south of this block, amounting in all to more than fifty acres.   The property conveyed to Wattles was used as pasture land and the streets and alleys had never been opened and improved by the village authorities.   John street is an improved street running east and west along the north side of blocks 10 and 11.   Third street is a north and south street, which is improved and built up on both sides from John street north.   South of John street it has never been improved and has not been generally used by the public for travel.   In 1911 Susie Revor and her husband moved into the residence on lot 3, and since that time have occupied lots 3, 4 and 5 as a homestead.   After purchasing block 11 and the other lands in 1916, appellee erected a barn and fenced the lands so that they might be used for a stock farm. In April, 1917, he constructed a new wire fence along the lot line on the west side of block 10 and from the northwest corner of block 10 westerly across Third street along the south line of John street, thus preventing the Revors and the public from using Third street.   In August, 1917, Revor tore down that part of the fence built along his wife's property and across Third street and threw the posts and wire on appellee's land.   Thereupon appellee filed his bill in the circuit court of McHenry county, making the village of McHenry and the Revors defendants, and asking that an injunction be issued restraining them from attempting to open said street and from interference with appellee in the building of a fence inclosing that part of Third street in dispute and from in any way interfering with his control and possession of said premises.   The village answered the bill, exceptions were sustained to the answer, and the village failing to answer again, was defaulted.   Appellants Susie and James Revor filed their answer and appellee filed his replication.   The cause was thereupon referred to a master in chancery, who took proof and reported that Susie Revor was entitled to have the street kept open for the use

of her property.  To this report the chancellor sustained exceptions and entered a decree granting the prayer of the bill.  This appeal followed.

No law is better settled in this State than that which controls this case.  Where the owner of land lays it out in lots and blocks and makes and exhibits a plat thereof showing streets and alleys and sells some of the lots with a clear reference to the plan, the purchaser acquires as appurtenant to the lots every easement, privilege and advantage which the plan represents as belonging to them as a part of the platted territory.  This privilege is not limited to the purchaser, but is a right vesting in the purchaser that all persons whosoever, as their occasion may require, may use the streets, alleys and other public places according to their appropriate purposes.  The sale and conveyance of lots according to a published plat implies a grant or covenant to the purchaser that streets, alleys and other public places indicated as such upon the plat shall be forever open to the use of the public, free from all claim of interference of the proprietor inconsistent with such use.  (*Thompson* v. *Maloney,* 199 Ill. 276; *Stevenson* v. *Lewis,* 244 id. 147.) It is unimportant whether the public has so far accepted the dedication as to be bound to keep the streets and alleys in repair, since the question involved is simply one of private right.  (*Zearing* v. *Raber,* 74 Ill. 409; *Earll* v. *City of Chicago,* 136 id. 277.)  The easement appurtenant to each lot by reason of the existence of the plat and the sales with reference to it is private property.  It cannot be lost merely by non-user where there is no adverse possession.  *Swedish Evangelist Lutheran Church* v. *Jackson,* 229 Ill. 506.

When Alsena Smith and Georgie Clemens conveyed lots 4 and 5 to Susie Revor, in 1901, they were the owners of land in blocks 10 and 11 abutting on Third street.  By conveying these lots in accordance with the recorded plat of West McHenry, which by user had been adopted by the village of McHenry and its officers and inhabitants, the

grantors covenanted with the grantee that the public streets indicated upon the plat should be forever open as public highways, free from all claim of the grantors or those claiming under them inconsistent with their use as such public highways. When the common grantors conveyed the lands on the west side of Third street to appellee they could convey to him only such title as they themselves had. The easement in Third street was granted to Susie Revor by the common grantors just as effectually as the title to lots 4 and 5 was granted. The grantee could not lose her title to this easement by a mere non-user unless her right to the easement was barred by adverse possession. The easement was created in her less than sixteen years before this litigation began, and so there could be no title created under the twenty-year Statute of Limitations. There is no claim of title under the seven-year statute. Practically all of the record is composed of evidence tending to show a use, prior to 1901, of the streets and alleys south of John street by the owners of the lots and blocks in that territory inconsistent with and adverse to the right of the public and others to their use. Most of the argument of the appellee is based on evidence of this character. All of this evidence is immaterial and all of the argument based upon it is not pertinent to the issue. The right that is being considered is a private right of Susie Revor, and she is not concerned with what occurred prior to the time this right was created in her in 1901. She and the public with her have a right to the free and uninterrupted use of Third street in traveling to and from lot 4, and appellee has no right to interfere with this easement.

The decree is reversed and the cause is remanded to the circuit court of McHenry county, with directions to dismiss the bill for want of equity and for such further proceedings as may seem advisable, consistent with the views expressed in this opinion.      *Reversed and remanded, with directions.*