(No. 16024.—Decree affirmed.)

C. P. MARSHALL *et al.* Appellees, *vs.* AUGUST M. PFEIFFER, Appellant.

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

1. PLATS—*sale of lots according to plat carries rights and privileges of streets.* Sale of lots according to a plat gives to the purchaser the rights and privileges of the streets on the plat as a part of the consideration for the purchase, and each subsequent vendor passes such rights to his vendee, as the law implies mutual agreements between all such parties that the streets shall always remain open for use as platted.

2. SAME—*right to streets platted is not lost by non-user.* The easement for the use of streets appurtenant to lots sold with reference to a plat constitutes private property and cannot be lost by mere non-user where there has been no adverse possession.

3. LIMITATIONS—*what constitutes adverse possession.* To constitute adverse possession sufficient to acquire title such possession must have been hostile in its inception, and must be adverse, actual, visible, open, notorious, exclusive, continuous and under claim of ownership for the statutory period.

FARMER, DUNN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Clinton county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

JONAS & BRANSON, for appellant.

MURRAY & NIEHOFF, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the year 1861 Charles Floyd Jones and Madison Miller, who were then the owners of a certain tract of land located in section 13, township 1, north, range 1, west of the third principal meridian, in Clinton county, Illinois, caused said tract to be surveyed and platted as a town site, the same being known as the Town of Western Addition. The plat complied with all the statutory requirements. The plat was divided into eight blocks, and six strips of land were shown thereon as streets, three running east and west and designated as South Third, Fourth and Fifth streets, respectively, and three running north and south and designated as Fayette, Clinton and Bond streets, respectively. Fayette and Bond streets were each shown as 60 feet in width and Clinton street as 64 feet in width. Block 3 is between Clinton and Fayette streets. Western Addition adjoins the city of Centralia on the west. It has never been incorporated or taken into the city. The original proprietors sold off the eight blocks designated on the plat, each in its entirety. By separate warranty deeds from Jones and Miller, dated May 11, 1866, and June 6, 1866, Martin Pfeiffer, the father of the appellant, acquired title to all of block 3. On September 10, 1868, he executed a deed of the block to Nicholas Saul, and the same day Saul and his wife executed a deed thereof to Eleanora Pfeiffer. On October 28, 1869, Eleanora conveyed the property to Martin Pfeiffer. Pfeiffer died about 1888. March 8, 1912, the master in chancery of the circuit court of Clinton county, as the result of a sale growing out of the partition of land owned by Pfeiffer, conveyed the same to appellant. Pfeiffer and his successors in title occupied block 3 from 1866 to the time of the commencement of this suit.

When the Town of Western Addition was laid out it was prairie land. The east and west streets were opened to the public without delay in order to give access to the city of Centralia, but at that time there was no particular necessity

for travel to the north and south in the town. The town and the surrounding territory for a number of years were sparsely settled and the public highway authorities did not immediately take over Bond, Clinton and Fayette streets. Thereupon each adjacent owner of the blocks extended his dominion to the center of the north and south street adjoining his property, and for many years some of the land owners have had these streets fenced, so that they had the appearance of being the property of the adjacent lot or block owner. Shortly after Martin Pfeiffer became the owner of the block he erected a board fence extending from South Third to South Fourth street in or near the center of Fayette street. This was later replaced with a hedge fence at the same location. After some years the hedge fence was cut out and about five years ago a barbwire fence was erected. A fence was also built by Pfeiffer, together with the adjoining proprietor, in or near the center of the strip described as Clinton street, extending from South Third to South Fourth street, which fence existed for many years. The portions of Clinton and Fayette streets adjoining appellant's premises have been used part of the time for garden and part of the time for pasture, but at no time have any permanent structures or improvements been erected thereon.

In 1884 the owners of all the blocks in the addition joined together and employed an assistant county surveyor to take the necessary steps to have Fayette, Clinton and Bond streets vacated and a proper record thereof made, but he did nothing toward that end. In May, 1899, the owners of block 8 in the town began selling off lots 71 feet wide and 180 feet long, off the south end of that block. In October, 1914, Ben Michael, who had become the owner of block 6 in the town, subdivided the south half of the block and a plat thereof was filed in the office of the recorder of deeds of Clinton county. Thereafter portions of the block were sold and are now owned by different parties. In

September, 1921, the Merchants State Bank, which had acquired title to blocks 4 and 5 in the town, subdivided the two blocks into thirty-two lots, calling the same Pullen's subdivision of blocks 4 and 5 of the Town of Western Addition, and several lots therein were sold to various parties. From the time the town was platted to the time of the commencement of the suit all the transfers of real estate therein which were made were made by lots or blocks with reference to the plat, and no conveyance was ever made covering any portion of Bond, Clinton or Fayette street. No taxes were ever paid on any portion of said streets after the same were platted.

Prior to the bringing of this suit additions to the city of Centralia were laid out and built up to the north and south of the Town of Western Addition. The subdivisions made in the town resulted in the erection of a number of residences therein, and a necessity arose for finding ways to the north and south for the residents of the town and for the general public. A demand was made by several of the property owners in the town upon the commissioner of highways of the town of Brookside, in which the addition in question is situated, to cause the three streets in question to be opened. The commissioner then served notice on the parties who were in possession of said streets to remove the fences which they had erected on such streets, but the fences were not removed. Appellant and other defendants refusing to allow the streets to be opened, complainants, who are all owners of real estate in the town, filed a bill in chancery against appellant and the other persons who were encroaching upon the streets to enjoin them from obstructing the same and from preventing the same from being opened up for the use of complainants and the general public. Appellant filed an answer to the bill, in which he claimed that the strips of land in question had never been used or opened to the public as streets and claimed title thereto by prescription. A trial was had before the

314—19

court, which resulted in a decree for complainants, finding that appellant had no right or title in and to the portions of land in question, and decreed that Bond, Clinton and Fayette streets as they appear upon the plat of the Town of Western Addition be opened to public travel, and that all persons then maintaining any obstructions upon said streets remove the same and surrender up the streets to the commissioner of highways of the town on or before the first day of July, 1924. From this decree appellant, alone, has perfected an appeal to this court.

The sole question involved in this case is whether or not the appellant, August M. Pfeiffer, who is the owner of block 3 of Western Addition, in the township of Brookside, Clinton county, Illinois, can be required to open for use as a street a certain strip of ground 37 feet in width, extending north and south along the west side of the block, and another strip 30 feet in width along the east side of the block.

The bill of complaint as filed proceeds upon two theories: First, that the public has acquired rights in said strips by virtue of their dedication as streets by the original proprietors; and secondly, that the complainants, as owners of lots and blocks in Western Addition, purchased their property on the faith of the original plat of Western Addition, and for said reason have the right to have all of the streets shown on the plat forever kept open for their use and for the use of the public.

The original owner of the tract of land in question having complied with the requirements of law in platting the same, the arrangement of streets formed a part of the consideration of the purchase of each block or part thereof, not only as between the original proprietor of the plat and those who purchased from him, but also as between all subsequent vendors and vendees. Jones and Miller, the original proprietors, sold to their vendees the rights and privileges of the streets, and each subsequent vendor passed

such rights to his vendee. The law implies mutual agreements between all such parties that the streets shall always remain open for use as platted. *Clark* v. *McCormick,* 174 Ill. 164; *Corning & Co.* v. *Woolner,* 206 id. 190; *Wattles* v. *Village of McHenry,* 305 id. 189.

The easement which was appurtenant to each lot by reason of the existence of the plat and the sales with reference to it was private property. It could not be lost merely by non-user where there was no adverse possession; (*Swedish Lutheran Church* v. *Jackson,* 229 Ill. 506;) and to constitute adverse possession such possession must have been hostile in its inception, adverse, actual, visible, open, notorious, exclusive, continuous and under claim of ownership. There is no evidence in the record that the possession of appellant's father of the portion of the street in question was hostile in its inception or that his possession was under claim of ownership, but the fact that in 1884 he joined with others in seeking to have the streets in question vacated is evidence that he did not then claim to be the owner of such streets but was merely using the same subject to the right of the public to have the streets opened when the convenience of the traveling public required the same to be opened. There is no evidence in the record that either the possession of appellant or of his father was under claim of ownership.

The doctrine of estoppel *in pais* does not apply to the facts of the present case.

The decree of the circuit court is in accordance with the facts and the law applicable thereto, and is therefore affirmed.

*Decree affirmed.*

FARMER, DUNN and THOMPSON, JJ., dissenting.