The Trustees of Schools, Appellees, *vs.* Henry W. Dassow *et al.* Appellants.

*Opinion filed April 23, 1926—Rehearing denied June 3, 1926.*

1. Plats—*what is sufficient dedication of public streets by statutory plat.* The dedication of public streets by a statutory plat is sufficient where the plat, which shows the streets and alleys, is duly certified by the county surveyor and is acknowledged by the dedicator, who states that he caused the land "to be laid off into lots, blocks, streets and alleys as shown" by the plat.

2. Same—*when the names and width of streets are sufficiently shown.* The names and the width of the streets in a statutory plat are sufficiently indicated where the plat shows that the streets are but a continuation of streets of the village to which the land platted is annexed and where the names of the streets are written across the platted boundary line of the village, indicating that the new streets are to have the same names as the original streets of which they are a continuation.

3. Same—*when plat makes sufficient reference to known monuments—judicial notice.* Where a plat shows the exact location of a section line or half-section line of the section in which the land is situated and the exact point where it is crossed by a quarter-section line it contains a sufficiently known and permanent monument to comply with the statute, as courts will take judicial notice that at all government section corners permanent monuments exist.

4. Same—*what is sufficient location of addition to comply with statute.* If the plat and certificate of a surveyor are such that a competent surveyor may, from the data given, locate the plat, lots, blocks, streets and alleys and determine the dimensions of the same there is sufficient compliance with the statute as to the location of the addition.

5. Same—*immediate use not necessary to show acceptance of streets and alleys.* It is not required, in order to indicate an acceptance of a plat, that a city or village shall make immediate use of all the streets shown thereon, and streets in an addition may be opened and developed as the growth of the city or village in that locality requires.

6. Same—*what constitutes acceptance of streets by city.* Acceptance of streets by a city or village may be shown by the affirmative act of taking possession thereof for the purpose of placing water mains or sewers therein or by general user by the public for a considerable period of time.

7. SAME—*when an acceptance of a dedication may be implied.* Where a dedication is very beneficial or greatly convenient or necessary to the public an acceptance thereof may be implied from slight circumstances.

8. SAME—*when purchasers from heirs of plattor are entitled to have streets remain open.* The rule that, as against the owner of a platted tract and those who claim under him, parties purchasing lots with reference to the plat are entitled to have the streets designated thereon remain open, must be held to apply to property which adjoins the platted territory and is purchased from the heirs of the plattor with reliance upon the streets and alleys platted by him.

APPEAL from the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding.

ADSIT, THOMPSON & HERR, for appellants.

F. A. ORTMAN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees, as trustees of schools, filed a bill in the circuit court of Livingston county for injunction restraining the appellants, Henry W. Dassow and his sister, Hannah Dassow, from maintaining a fence or other obstruction in or across Sixth street, in Sullivan's addition to the village of Chatsworth, and enjoining them from in any way interfering with the public use of Sixth street as a public street.

Appellees purchased from the heirs of John Sullivan, the maker of the plat of Sullivan's addition, a certain eight-acre tract of land adjoining said addition on the south and erected thereon a community high school building. The school building faces the south end of Sixth street, that street being between blocks 1 and 2, as shown by the plat. Henry W. Dassow purchased from Sullivan, after the making of the plat, the property therein described as block 2, and later his sister, Hannah, purchased from Sullivan the tract in the plat described as block 1. The following is a

plat of Sullivan's addition, showing its relation to the village of Chatsworth:

The village of Chatsworth is located in the northeast quarter of the southwest quarter of section 3, township 26, north, range 8, east of the third principal meridian, in Livingston county. Oak street marks the southern boundary of Chatsworth. The center line of Seventh street is the

north and south half-section line and marks the east boundary of Chatsworth. Seventh street extends south as a State paved highway and marks the east boundary of Sullivan's addition. The south line of Oak street is the north line of the southeast quarter of the southwest quarter of section 3 and intersects the half-section line on Seventh street at the southeast corner of the boundary of Chatsworth.

John Sullivan in 1903 owned the southeast quarter of the southwest quarter of section 3 and platted the north end thereof, thereby creating the addition in question, the north line of his addition being the south line of Oak street of the village of Chatsworth and the north line of the southeast quarter of the southwest quarter of section 3. This addition extends across the entire north end of the southeast quarter of the southwest quarter, from the half-section line on the east to the quarter-section line on the west thereof, along which quarter-section line Fourth street of the village of Chatsworth extends north and south. The width of this addition north and south, as shown by the plat, is 316 feet. It is divided into three blocks, numbered 1, 2 and 3, block 1 being on the east end of the strip, block 2 in the middle and block 3 on the west. The north half of block 3 is divided into eight lots, and a 16-foot alleyway extends east and west through said block between Fourth street on the west to Fifth street on the east. The streets shown on this plat correspond with Fourth, Fifth, Sixth and Seventh streets in the village of Chatsworth, and the east and west boundary lines of the streets shown on the plat of Sullivan's addition coincide with the boundary lines of Fourth, Fifth and Sixth streets in the village.

After purchasing blocks 1 and 2 Henry W. Dassow and his sister fenced the same, with the exception of a space variously described as being from 30 to 40 feet in width in Sixth street, on the north side of said blocks. When appellees commenced the construction of their building they

made use of Sixth street by opening the boundary fence which separated Sullivan's addition from the school land at the south end of Sixth street. Appellees, also, in order to render Sixth street more passable, put in a culvert. They also caused water mains of the village to be extended through Sixth street to their school building, and made general use of Sixth street between blocks 1 and 2 for the purpose of hauling material used in the construction of the building, and the public generally used Sixth street through Sullivan's addition from October 3, 1921, until September, 1922, when appellants erected a fence across Sixth street at Oak street. Just prior thereto Dassow presented to the board of education a proposition that they pay him $750 for the use of Sixth street. This proposition was refused. After the erection of this fence pupils of the school, and others desiring to go upon the school property, were required to go around to Seventh street or to reach the school building over Fifth street.

Upon hearing the chancellor found that the plat made by Sullivan was a valid statutory plat which had been accepted by user and that Sixth street was a public street. An injunction issued as prayed in the bill. Appellants bring the cause here for review, contending, first, that the way created by the plat was a private and not a public way; second, that the plat was insufficient as a statutory plat, and that there had not been sufficient user to establish the public character of Sixth street as a common law dedication; and third, that appellees did not have such interest as entitled them to the decree entered.

Concerning appellants' first objection, it is sufficient to point out that the plat in question was made by David J. Stanford, county surveyor, and duly certified by him, and was acknowledged by the dedicator, who states in his acknowledgment that he had caused the north part of the southeast quarter of the southwest quarter of section 3 "to be laid off into lots, blocks, streets and alleys as shown

on the annexed plat and duly certified to by the county surveyor, to be known as Sullivan's addition to Chatsworth." The intention to dedicate the streets as public streets was thus clearly expressed in the acknowledgment of the dedicator.

Concerning the insufficiency of the plat as a statutory plat, it is contended, first, that the width of Fifth and Sixth streets, being the streets shown within the territory platted, is not shown by the plat. As we have seen, the boundary lines of these streets as shown on the plat are exactly in line with the boundary lines of Fifth and Sixth streets in the village of Chatsworth. The evidence in the record shows those streets in the village to be established by plat at 70 feet in width. The width of the streets as they appear on the plat is therefore readily determined.

It is next contended that the names of the streets are not sufficiently shown. The plat shows the word "Fifth" as being south of Oak street and the word "Street" being north of Oak street, which can be construed only to mean that Fifth street is by this plat extended from the limits of the village of Chatsworth through Sullivan's addition. The same is likewise shown on the plat concerning Sixth street. The streets were sufficiently named.

It is also urged that the plat makes no reference to known monuments, as required by the statute. As we have seen, the plat shows the half-section line extending through the center of Seventh street, bounding this addition on the east. The north line of the addition is shown by the plat to be the north line of the southeast quarter of the southwest quarter of section 3. The northeast corner of this addition is therefore shown to be the point at which the north line of the southeast quarter of the southwest quarter crosses the north and south half-section line. Where a plat shows the exact location of a section line or half-section line of the section in which the land is situated and the exact point where it is crossed by a quarter-section line, it

contains a sufficiently known and permanent monument to comply with the statute, as courts will take judicial notice that at all government section corners permanent monuments exist. (*Corbin* v. *Baltimore and Ohio Chicago Terminal Railroad Co.* 285 Ill. 439.) By its relation to section corner monuments·a surveyor may easily find the northeast corner of this plat.

It is contended, also, that the in and out-lots adjoining or adjacent to the land are not shown. The plat in question, together with the certificate, shows that it is bounded on the south by the remaining portion of the southeast quarter of the southwest quarter of section 3 ; that it is bounded on the east by Seventh street as extended into a public highway; that it is bounded on the north by Oak street of the village of Chatsworth and blocks 40, 41 and 42 of said village, and on the west by Fourth street, which, extended, also becomes a public highway. The location of this addition complies with the statute. The rule is, that if the plat and certificate of a surveyor are such that a competent surveyor may from the data given locate the lots, blocks, streets and alleys and determine the dimensions of the same they are sufficient to comply with the statute. (*Village of Auburn* v. *Goodwin,* 128 Ill. 57.) We are of the opinion that the plat in this case is a sufficient statutory plat.

It is next urged that the village of Chatsworth did not pass an ordinance accepting this plat until after the bill was filed in this case and that no acceptance is shown. The record, however, shows acceptance by user. It is not required, in order to indicate an acceptance of a plat, that a city or village shall make immediate use of all of the streets shown thereon. Streets in an addition may be opened up and developed as the growth of the city or village in that locality requires. (*Russell* v. *City of Lincoln,* 200 Ill. 511.) Acceptance of streets by a city or village may be shown by the affirmative act of taking possession thereof for purposes of placing water mains or sewers therein or by the general

user by the public for a considerable period of time. Where a dedication is very beneficial or greatly convenient or necessary to the public an acceptance of such dedication may be implied from slight circumstances. (*Rose* v. *Village of Elizabethtown,* 275 Ill. 167; *Alden Coal Co.* v. *Challis,* 200 id. 222.) The evidence shows that houses have been built on the north half of block 3; and the alley between Fourth and Fifth streets through block 3, together with the north half of Fifth street, has been generally used by the public for delivering coal, groceries and other commodities to such residents and for general travel of those who have business in that part of the village. We are of the opinion that the chancellor did not err in finding that there had been sufficient user of this addition to amount to an acceptance thereof.

Appellants also urge that appellees are not in a position to complain of this obstruction, and refer to the rule that before others than the municipality may complain and have the relief here sought they must show special damages. Without regard to whether or not such rule is applicable in this case, the evidence abundantly shows a special damage to this school district. Appellees purchased this land and erected their school house in reliance upon this plat, placing the school house directly south of the end of Sixth street and facing the building in that direction. The testimony shows that irreparable injury would ensue to the district were this means of ingress and egress closed. None of the witnesses were able to estimate the damage. It is also the rule, however, that, as against the owner of a platted tract and those who claim under him, parties purchasing lots with reference to the plat are entitled to have the streets designated thereon remain open. (*Corning & Co.* v. *Woolner,* 206 Ill. 190.) While the property of appellees is not within the plat but adjacent thereto, it was purchased from the heirs of the plattor and was purchased with reliance upon the streets and alleys platted by him. We are of the opin-

321–23

ion, therefore, that the doctrine announced in the *Corning & Co. case* should be held to apply here.

The chancellor did not err in decreeing the relief prayed for. The decree will therefore be affirmed.

*Decree affirmed.*