### RINDONE *v.* COREY COMMUNITY CHURCH.

1. Deeds—Subdivision Lot—Plats.
    A grantee in a deed of a subdivision lot, "according to the recorded plat," which plat indicated the streets serving the respective lots, acquired an incorporeal hereditament in street abutting the lot (CL 1948, § 560.1 *et seq.*).

2. Municipal Corporations—Plats—Lack of Acceptance—Private Rights.
    Private rights of a subdivision lot owner may not be extinguished by lack of acceptance of the plat by the municipal authorities.

References for Points in Headnotes
[1, 3] 16 Am Jur, Deeds §§ 273, 275.

3. QUIETING TITLE—STREETS OF RECORDED PLAT—ADVERSE POSSES-
SION—EVIDENCE.

Owners of land who acquired title under deed excepting "street
rights of the village" which had been platted but who
failed to show by clear and cogent proof that their pos-
session of streets involved before 1907 was that actual,
visible, open, notorious, exclusive, continuous, uninterrupted
and hostile possession sufficient to ripen into title were not
entitled to decree quieting title in themselves as against
owner of lot which had acquired title to its lot according
to the recorded plat, notwithstanding there had been no
express dedication of the streets in the plat, no acceptance
of the platter's offer to dedicate, and no user of the street
by the public (CL 1948, § 560.1 *et seq.*; § 609.1 [3]).

Appeal from Cass; Mosier (Carl D.), J. Submit-
ted October 14, 1952. (Docket No. 51, Calendar No.
45,528.) Decided December 9, 1952. Rehearing de-
nied January 15, 1953.

Bill by Daniel Rindone and Giacomo Rindone
against Corey Community Church and others to en-
join interference with possession and to quiet title
to land. Decree for plaintiffs. Defendants appeal.
Reversed and bill dismissed.

*James T. Sloan,* for plaintiffs.

*Jones & Theiss,* for defendants.

BUSHNELL, J. Plaintiffs Daniel Rindone and Gi-
acomo Rindone are brothers and the owners of lands
in the township of Newberg, Cass county, described
as follows:

"The southeast quarter of the northeast quarter of
section 36, excepting village lots numbers 82, 83, 98,
99, 100 and 101, excepting also school grounds and
a strip of land 18 inches wide adjoining the north
line of the Michigan Central Railroad grounds and
street rights of the village of Corey, all in township
6 south, range 13 west."

Defendant, the Corey Community Church, a corporation, is the owner of lot 98 located at the northeast corner of Water and First streets. Defendant Leonard Norton is the chairman of the board of trustees of the church and defendant Duke Weston is also a trustee.

Plaintiffs brought an action to enjoin the defendants from interfering with their possession and ownership of the above described lands and to obtain a decree quieting title. A partial plat of the village of Corey, dated May 25, 1872, and recorded in Cass county on May 27, 1872, shows the location of the lots and streets in question.

The Corey Community Church was built in 1887 on lot 98. Sometime later a parsonage barn was erected on the northwest corner of this lot. The entrance to the church is on the east side of the building, and the west side of the building is on the west line of the lot. Roland Rindone, the son of Daniel, has lived since 1929 on lot 85 at the southeast corner of Water and First streets. His house faces the south side of the church. Two barns are also located on the rear of lot 85, with access thereto from First street.

Daniel Rindone, who lives in Chicago, testified that since 1929 a fence with a gate in it extended across Water street southerly from the southwest corner of lot 98 to the northwest corner of lot 85. He said that the land west of the fence located in the portion of the plat designated as First street lying north of North Front street has been cultivated as a vegetable garden, and that there are some fruit trees and grapevines growing on this property. Other witnesses testified that there has been no gate in the fence for a number of years, but there was an open space large enough for vehicles to enter First street. They also denied that the land west of the church has ever been cultivated.

First street south of M–60 has always been used as a public highway. M–60, an east and west trunk-line highway, is located on land south of North Front street that was once occupied by the Michigan Central Railroad. The south line of lot 85 is on the north side of North Front street.

Roland Rindone testified that, when the church had coal delivered and material hauled for the building of a chimney, trustee Norton first asked permission to go through the gate across Water street and over the land located in First street. Donald Lucas, a farmer who had lived near the church for 62 years, testified that in 1911 he delivered hay to the barn on the northwest corner of lot 98 by driving north through First street from Water street, and that there was no fence across Water at the time. Defendant Norton stated that First street had been used to provide access to the church for the purpose of painting the west side, and that coal for the church and all materials used in installing a furnace and chimney were brought through First street. Duke Weston, another church trustee, who was 80 years old at the time of trial, remembered the occasional use of First street since the dedication of the church.

Because of the need of First street for additional parking purposes by those who attended the church, the township highway officers in 1950, acting under the authority of the township board, tore down the fence and graveled First street north of Water. Plaintiffs say this was a wrongful and unlawful trespass upon their property. They argue that First street is not a public highway because of the absence of an express dedication of the streets and alleys in the Corey village plat,* no acceptance of the platter's

---

* See CL 1948, § 560.1 *et seq.* (Stat Ann § 26.431 *et seq.*).—RE-PORTER.

offer to dedicate, and no user of First street by the public.

The church argues that, because its deed conveyed title to land "according to the recorded plat," it acquired an incorporeal hereditament in First street north of Water street for use by way of convenience and necessity. It insists that neither plaintiffs nor their predecessors obtained title to the disputed part of First street by adverse possession or user. Furthermore, that the conveyance through which plaintiffs obtained title expressly excepts therefrom certain lots, school grounds, and a strip of land 18 inches wide adjoining the north line of the Michigan Central Railroad and "street rights" in the village of Corey.

The trial judge held that plaintiffs are the owners of the land within the limits of First street; that the recorded plat was but an offer to dedicate, and that no action was taken by the municipal authorities to accept this land as a street. He further held that the use by the church of the disputed land was insufficient to establish an acceptance by user, and since sufficient time had elapsed from the date of the recording of the plat and the claimed user, the presumption was that the land was withdrawn from dedication and that neither the public nor the defendants acquired any right in or to the disputed land. A decree quieting title in plaintiffs was entered and defendants were perpetually enjoined from trespassing thereon and from interfering with plaintiffs' quiet and peaceful possession.

In the light of *Ryan* v. *Township of Royal Oak,* 289 Mich 469, 474, and *Kirchen* v. *Remenga,* 291 Mich 94, 103, defendant, the Corey Community Church, acquired by deed an incorporeal hereditament, *i. e.,* the right to use First street.

No authority has been presented in support of the proposition that the private rights of the church can

be extinguished by lack of acceptance of the plat by the municipal authorities.

The record fails to show by clear and cogent proof that the possession of plaintiffs was that actual, visible, open, notorious, exclusive, continuous, uninterrupted, and hostile possession which is sufficient to ripen into title. See *Stevenson* v. *Aalto,* 333 Mich 582, 588; and *Hayward* v. *Marker,* 334 Mich 659.

It is unnecessary in this case to determine the public rights in First street north of Water, but we do note in passing the following: Prior to 1907 it might have been possible to acquire private rights in public streets by adverse possession. Since the enactment of PA 1907, No 46 (see CL 1948, § 609.1, par 3 [Stat Ann § 27.593]), Michigan has been in line with the general rule which forbids the acquiring of such rights by prescription. The development of the law on this subject is presented in *Pastorino* v. *City of Detroit,* 182 Mich 5 (Ann Cas 1916D, 768).

The controlling law applicable to the instant case is found in *Pulcifer* v. *Bishop,* 246 Mich 579, 582, where we quoted with approval from Dillon on Municipal Corporations (5th ed), § 1090, as follows:

" 'In this connection it must be kept in view that the platting and sale create certain rights in the grantees of the original owner, which, as between the grantor and the grantee, are irrevocable in their nature. * * *

" 'But other decisions recognize a *clearly defined distinction* between the rights acquired by the *public* through dedication effected by platting and sale, and the *private rights* acquired by the grantees by virtue of the grant or covenant contained in a deed which refers to a plat, or bounds the property upon a street through the grantor's lands. These decisions adopt the view that where lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees entitling the grantees to the use of the

streets and ways laid down on the plat or referred to in the conveyance. But these rights are purely in the nature of private rights founded upon a grant or covenant, and no public rights attach to such streets or lands until there has been an express or implied acceptance of the dedication, evidenced either by general public user, or by the acts of the public authorities. In this view, the making of the plat and the sale of lands with reference thereto are merely evidence of an intent to dedicate, which like every other common-law dedication, to be made complete and carried into effect so as to create public rights, must be accepted and acted upon by the public.'" Citing *Village of Grandville* v. *Jenison,* 84 Mich 54.

See, also, *Olsen* v. *Village of Grand Beach,* 282 Mich 364; compilation of authorities in 7 ALR2d, beginning at page 607, and the discussion in 28 CJS at page 701, Easements, § 39.

The deed through which plaintiffs obtained title to their lands specifically excepted "street rights in the village of Corey." The deed to defendant church conveyed title to their property "in the village of Corey, Michigan, according to the recorded plat thereof." Defendant church acquired a private right entitling it "to the use of the streets and ways laid down on the plat," regardless of whether there was a sufficient dedication and acceptance to create public rights.

The proofs do not support plaintiffs' assertion that they have acquired title, by prescription, to lands lying within the limits of First street. The private rights of the church, therefore, remain unimpaired.

The decree of the circuit court is vacated and one may be entered here dismissing plaintiffs' bill of complaint. Costs in both courts to appellants.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.