CHARLES M. COOK *et al.*, Plaintiffs-Appellees, *v.* MIGHELL CONSTRUCTION COMPANY, INC., Defendant-Appellant.

Second District (1st Division)    No. 75-485

Opinion filed August 5, 1976.

Connolly, Oliver, Goddard & Close, of Rockford, for appellant.

Merrick & Merrick, of Dixon, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
The plaintiffs filed their complaint to enjoin the defendant from obstructing a former public highway in the city of Dixon. Defendant's motion to dismiss the complaint was denied and the trial court entered a temporary injunction requiring the removal of the barrier placed over the street by defendant. Defendant subsequently moved to dissolve the injunction. This was denied, and on August 22, 1975, a permanent injunction was entered restraining the defendant from obstructing the roadway and street known as VanBuren Avenue in the city of Dixon. This appeal followed.

An understanding of the facts in this case would be best served by examination of the following diagram of the street in question and the contiguous property appurtenant thereto.

The property herein is located in the Gilbraith subdivision, which was platted in 1869 and by which the one-block street, VanBuren, was dedicated. In 1887 VanBuren Street was vacated from First Street north to the railroad tracks. However, since that time the street has been maintained by the city of Dixon and was last paved by the city of Dixon in 1958-59. The plaintiffs, Decker, Mulkins and Cook, occupy residences on the three lots as indicated in the diagram above. Mighell Construction Company is the owner of the property abutting Van Buren Street south of the railroad tracks on both sides of the street. A factory is located on that portion of the Mighell property to the west of VanBuren street, and the Mighell property to the east side of VanBuren is unimproved. This property was formerly owned by the Freeman Shoe Company. On January 24, 1975, the defendant erected a barrier across VanBuren at the southerly end of VanBuren at its intersection with First Street. This barrier prevented the plaintiffs from egress or ingress from VanBuren Street to First Street. The city of Dixon ordered the barrier taken down, but it was re-erected on January 27, 1975. This suit followed, seeking to remove the barrier across VanBuren and to enjoin the defendant from obstructing VanBuren in any manner whatsoever.

Succinctly stated, the issue in this case is whether a party who owns the property on both sides of a vacated street, and therefore by law the property formerly constituting the street, can be properly enjoined from closing the street on the complaint of other owners who abut the street on the basis that these property owners have a private legal right of access to the vacated street.

The defendant argues that where any street is vacated the title thereto passes to the owners of the abutting lots free from any easement on the part of the municipality, citing *Prall v. Burckhartt* (1921), 299 Ill. 19, 132 N.E. 280. The plaintiffs have cited the statute relating to the vacation of streets or alleys by a municipality as found in section 11—91—2 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—91—2), which provides as follows:

> "Except in cases where the deed, or other instrument, dedicating a street or alley, or part thereof, has expressly provided for a specific devolution of the title thereto upon the abandonment or vacation thereof, whenever any street or alley, or any part thereof, is vacated under or by virtue of any ordinance of any municipality, the title to the land included within the street or alley, or part thereof, so vacated, vests in the then owners of the land abutting thereon, in the same proportions and to the same extent, as though the street or alley has been dedicated by a common law plat (as distinguished from a statutory plat) and as though the fee of the street or alley had been acquired by the owners as a part of the land abutting on the street or alley."

Defendants, likewise, have cited the comparable statute found in section 9—127 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 9—127) pertaining to vacation of highways, which, in pertinent part, is substantially the same as the vacation of streets by a municipality as set forth above.

The rule of the above statutes and the cases cited by the defendant is generally acknowledged by both parties to be that when a street is vacated, title to the land on which the street is located becomes absolute in adjacent lot owners and their ownership extends to the middle of the street. See *Prall; Counselman v. Wisconsin Lime & Cement Co.* (1921), 299 Ill. 84, 132 N.E. 289; *People ex rel. Alexander v. City of Mt. Vernon* (1949), 404 Ill. 58, 88 N.E.2d 45.

Plaintiffs contend, however, that the foregoing rule does not extinguish the rights of plaintiffs as property owners abutting the vacated platted street from ingress and egress over the vacated street.

In its memorandum opinion the trial court relied upon *Welter v. Eaton* (1937), 366 Ill. 143, 7 N.E.2d 855. This case is not appropos on its facts to the case before us, for there the holding was summarized in the single headnote as follows:

> "The rule that one cannot complain of the vacation of a street without showing special damage or that he owns property abutting on the highway sought to be closed applies only to a vacation by public authorities and does not apply where private owners attempt to vacate, fence or plow up highways designated on a plat, the rule in such case being that purchasers of lots in the platted

subdivision have a right, as against the plattor or his privies, to have the tracts marked on the plat as roadways kept open for their use, regardless of whether they have been accepted as highways by the authorities." 366 Ill. 143.

All properties in question herein are included in the Gilbraith subdivision platted in 1869, at which time VanBuren Street was dedicated to public use. As indicated above, on April 22, 1887, the city of Dixon, by appropriate ordinance, vacated VanBuren Street from First Street north to the railroad tracks.

We agree with the contentions of the plaintiffs that they have the right of ingress and egress on the vacated street in question. In *Wattles v. Village of McHenry* (1922), 305 Ill. 189, 137 N.E. 114, the court, in considering the application of the right of ingress and egress to a platted street, stated as follows:

"No law is better settled in this State than that which controls this case. Where the owner of land lays it out in lots and blocks and makes and exhibits a plat thereof showing streets and alleys and sells some of the lots with a clear reference to the plan, the purchaser acquires as appurtenant to the lots every easement, privilege and advantage which the plan represents as belonging to them as a part of the platted territory." 305 Ill. 189, 192, 137 N.E. 114, 116.

In *Marshall v. Pfeiffer* (1924), 314 Ill. 286, 145 N.E. 411, in considering the same question, the court stated:

"Jones and Miller, the original proprietors, sold to their vendees the rights and privileges of the streets, and each subsequent vendor passed such rights to his vendee. The law implies mutual agreements between all such parties that the streets shall always remain open for use as platted. [Citations.]" 314 Ill. 286, 290-91, 145 N.E. 411, 413.

Likewise, in *Trustees of Schools v. Dassow* (1926), 321 Ill. 346, 353, 151 N.E. 896, 899, the court again considered this question, stating:

"It is also the rule, however, that, as against the owner of a platted tract and those who claim under him, parties purchasing lots with reference to the plat are entitled to have the streets designated thereon remain open. (*Corning & Co. v. Woolner*, 206 Ill. 190.)"

In *Gerstley v. Globe Wernicke Co.* (1930), 340 Ill. 270, 172 N.E. 829, we find a case where defendants sought to erect a bridge of passageway over a platted alley. After considerable controversy the city of Chicago passed an ordinance allowing the same. The court, however, striking down the ordinance, stated:

"It is a settled principle that where the owner of an estate has divided it into different parts, as lots and alleys or ways, and so

arranged them that one part derives an advantage from another of a permanent, open and visible character, and has afterwards sold a part of the property, the purchaser takes the part sold with all the benefits and burdens with appear at the time of the sale to belong to it. It is not necessary that the easement claimed by the grantee be absolutely necessary for the enjoyment of the estate granted, but it is sufficient that it is highly convenient and beneficial thereto." 340 Ill. 270, 278, 172 N.E. 829, 833.

Similar to the *Globe Wernicke* case is *Marshall Field v. Barling* (1894), 149 Ill. 556, 37 N.E. 850. The Illinois Supreme Court there considered a situation where Marshall Field & Co. was attempting to construct an overhead passageway between two of its then existing buildings across an alleyway known as Holden Place. Plaintiffs sought to enjoin the construction of the overhead passageway by Marshall Field & Co. Both the defendant and the plaintiffs derived their title to their properties from a plat of an addition executed in 1839. Field's properties were on either side of the alleyway. Plaintiffs asserted that they were entitled to an easement of light and air by virtue of the fact that their titles and defendant's titles descended from the same plat. The question there presented was in terms of the private easement of abutting owners in circumstances where a public right had been vacated, which is closely analogous to the situation we find in the instant case. The court concluded:

"We do not understand that appellees' right to have Holden Place kept free and clear of all obstruction rests on any personal covenant of the appellants, although that expression may be found in some of the cases. But when the original proprietor of the subdivision made the plat, dividing the land into blocks and lots, streets and alleys, and sold and conveyed the lots with reference to that plat, a right arose in favor of the purchasers of lots fronting on Holden Place of having the street forever kept open,—not that it should be kept free from obstruction on the surface of the soil alone, but to the sky. No grant or covenant was required to create this right. The dedication of the street by the plat, the sale of lots with reference to it, conveyance of abutting lots and the payment of the money for the conveyances, were elements sufficient to create the right. The right may be regarded in the nature of an incorporeal hereditament. It becomes appurtenant to the lots. As to the rights secured, they are plain: to have the street kept open, so that free access may be had to and from the lots abutting on the street, and that light and air may pass unobstructed across the open space between the surface of the street and the sky. Whether this right extends to all the streets in a subdivision, or is confined to

streets which afford direct access to or egress from a particular lot, is a question which does not arise in this case. Here appellees' lots front on Holden Place, and the obstruction is placed on the street between appellees' lots and Washington street, at a point affording the only means of access to and from Washington street, from which also light and air are derived." 149 Ill. 556, 571-72, 37 N.E. 850, 854.

In *VanBuren v. Trumbull* (1916), 92 Wash. 691, 159 P. 891, the Washington court considered a statute which provided for the vacation of a county road which remained unopened for public use for a period of five years. A similar factual situation was thus presented, and the court held that "[a] right of private easement may exist although the public right of easement be destroyed or extinguished," and, in citing *Holloway v. Southmayd* (1893), 139 N.Y. 390, 406, 34 N.E. 1047, 1049, stated:

"If, by act of law, the public right, or easement in the highway, has ceased; there is no reason for saying that, as against the grantor of the abutting land, any right to the continuance of private easements has been lost to the grantee. * * * When it is said that the land of a highway, which has been discontinued, reverts to primary conditions of ownership, obviously, it is not to be understood that such ownership is not thereby relieved of burdens created by the original owner."

In *Rindone v. Corey Community Church* (1952), 335 Mich. 311, 55 N.W.2d 844, the Supreme Court of Michigan considered the question of whether the platting and sale of land with reference to a plat created private rights in the parties who derived title originally from a common grantor and whether the party abutting the undedicated street acquires a private easement over such street even though the same is not dedicated. That court stated:

"The deed to defendant church conveyed title to their property 'in the village of Corey, Michigan, according to the recorded plat thereof.' Defendant church acquired a private right entitling it 'to the use of the streets and ways laid down on the plat,' regardless of whether there was sufficient dedication and acceptance to create public rights." 335 Mich. 311, 317, 55 N.W. 844, 847.

We find the same principle therein enunciated applies to the situation before us where the street was vacated by the city.

A discussion of the question of conveyances with references to a map or plat is found in 25 Am. Jur. 2d *Easements and Licenses* §26, at 438-39 (1966). It is there stated, in pertinent part:

"Generally, where property sold is described in the conveyance with reference to a plat or a map on which streets, alleys, parks, and other open areas are shown, an easement therein is created in

favor of the grantee. Such an easement is deemed a part of the property to which the grantee is entitled and of which he cannot be divested except by due process of law. It exists entirely independent of the fact of dedication to a public use. It is not rendered nugatory by the fact that the map or the plat is not properly made or recorded for purposes of dedication; nor is it destroyed by the mere failure of the public authorities to accept the streets or ways or by an abandonment of them."

See also 28 C.J.S. *Easements* §39 (1941); Annot., 7 A.L.R. 2d 607, 628 (1949).

We do not reach the argument presented in this court that a prescriptive right in the public exists in VanBuren Avenue. This issue was not raised in the lower court and is not pertinent to the decision herein.

We therefore find that, where the owners' rights are derived from the platting of a subdivision and where the street or a portion thereof is vacated by the municipality, the property owners abutting the vacated street, and those seeking access thereto, have an easement of access to their properties which is not extinguished by the action of the municipality in vacating the street in question.

The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.